

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. O-4500
Re: Sheriff may be allowed ex-
officio compensation under
the facts given.

The pertinent parts of your request for an opinion are:

"...

"(1) May the County Auditor of Young County, Texas, legally pay the Sheriff of said County a monthly ex-officio salary where the following facts in relation thereto exist: The officers of said County are compensated on a fee basis and were likewise compensated during the year 1941. The Sheriff of said Young County made and collected the maximum allowed by law during the year 1941. The Commissioners' Court of said County passed an order at the regular meeting in January, 1942, setting said Sheriff's ex-officio compensation at $1000.00 per annum, payable in twelve monthly installments. No express findings were made by such Court with reference to whether or not the said Sheriff would make the maximum allowed by law during the year 1942. At the said meeting the Court also authorized the payment of the deputies' salaries for said Sheriff's office from the general funds of said County. During the year 1941 the said Sheriff paid his deputies from the fees earned by his office.

"(2) Does the fact that the Sheriff's office, during the year 1941, earned and collected the maximum allowed by law, prohibit the payment of an ex-officio salary during the year 1942?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(3)  Does the fact that the deputies' salaries of said office were paid from the fees earned and collected by said office during the year 1941 and said salaries would be paid from the general fund of said County during the year 1942 prohibit the payment of an ex-officio salary to the said Sheriff during the year 1942?

"(4)  Does the fact that the Sheriff of Young County, Texas, collected excess fees during the year 1941, which he has not at this time refunded unto the Treasurer of said County prohibit the payment to the said Sheriff of an ex-officio salary during the year 1942?

".  .  .  ."

Article 3895, Vernon's Annotated Civil Statutes of Texas reads:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court.  (As amended Acts 1933, 43rd Leg., p. 734, ch. 220, § 7.)"

We believe the case of Tarrant County, et al vs. Smith, et al, 81 S. W. (2) 537, answers your first question.

Smith, Sheriff of Tarrant County, was sued by the County for the recovery of excess fees and for the return of $800.00 previously allowed and paid him as ex-officio compensation. The Court there said:

> "The Sheriff was paid in advance in 1928 by the Commissioners' Court $800.00 as ex-officio fees for summoning jurors. . . That year he made his maximum compensation of $5,000.00 exclusive of that $800.00. In such event it was his duty under such above statute to return the $800.00 to the County. He did not do so. This holding does not amount to setting aside the judgment of the Commissioners' Court which ordered the $800.00 paid. We assume that judgment to be valid. By the subsequent events, to wit, the collection otherwise and thereafter of the maximum pay, Mr. Smith became obligated to return that money."

We believe it was therein expressly recognized that the Commissioners' Court could, in the exercise of its discretion, allow ex-officio compensation at the beginning or any time during the year subject to a final accounting at the end of the year. Your first question is answered in the affirmative.

We do not believe that the collection of the maximum during the year 1941 would prohibit an ex-officio allowance for 1942. The fact that the office produced sufficient revenue in 1941 to make the maximum compensation for the officer is no assurance that the income from the office during 1942 would likewise provide the maximum compensation. It follows that your second question is answered in the negative.

In your third question you state that the deputies were paid from the fees of office during 1941 and are to be paid from the general fund in 1942 and ask if such fact would prohibit an ex-officio allowance to the Sheriff for 1942.

Article 6869, Vernon's Annotated Civil Statutes provides for the appointment of deputies and makes specific provision for the payment of their salaries out of the general fund of the County ". . . if in the opinion of the Commissioners' Court fees of the Sheriff's office are not sufficient to justify the payment of salaries of such deputies. . ." We assume

that the Commissioners' Court has so found and ordered.  We do not believe this would prohibit the Commissioners' Court from making an ex-officio allowance to the Sheriff.  Of course any ex-officio allowance must be taken into account at the end of the year and if such allowance, together with the fees of office and excess fees allowable by law exceed the maximum provided by law, such officer must return the excess thereof to the County.

By your fourth question we presume that the Sheriff collected excess fees which, added to the regular fees of office, exceeded the maximum provided by law during the year 1941; that such facts have been duly reported but that he has not paid the excess thereof to the County.  If such assumption is true, we think it proper to here point out that the County has an adequate remedy at law to sue for a recovery of the excess fees.  See Tarrant County vs. Hollis, 76 S. W. (2) 198, and cases there cited and Tarrant County vs. Smith, supra.

We find no Constitutional or statutory inhibition against the Commissioners' Court providing an ex-officio allowance in the instant case.  It suffices to say, however, that it is hardly conceivable that a Commissioners' Court whose sworn duty it is to economically administer County finances for the public good would so use their discretionary power of voting ex-officio compensation for a public official who would fail or refuse to account for and deliver to the Treasury such excess fees as is required by Article 3891, Vernon's Annotated Civil Statutes.

We thank you for the splendid brief made a part of your request and for your expression of opinion upon the questions presented with which opinion we have concurred.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:mp

